[945 NYS2d 115]

In the Matter of MICHAEL R. GIDRO (Admitted as MICHAEL ROBERT GIDRO), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, May 15, 2012

## APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains (*Fredda Fixler-Fuchs* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

The instant application is predicated upon an order of the

Supreme Court of New Jersey, dated October 18, 2011, disbarring the respondent in that state, following that court's receipt of a decision of the New Jersey Disciplinary Review Board (hereinafter the DRB) dated August 15, 2011, which recommended the respondent's disbarment for knowingly misappropriating escrow funds and applying those funds to a personal tax obligation without authorization.

According to the DRB, on or about September 12, 2008, the respondent received the sum of $24,000 to hold as a "down payment in escrow" in connection with his sale of property on Greenwood Lake in the State of New York to Dennis Pillitieri. One week later, on September 19, 2008, the respondent deposited the $24,000 down payment into his New Jersey business account (hereinafter the business account).

At or about that time, the respondent was apprised that he owed $21,000 in either unpaid sales taxes and/or payroll taxes for a Tenafly, New Jersey, bar/restaurant he owned. The respondent was advised that he had "a matter of days" to pay the taxes. It was the respondent's understanding that, unless the taxes were paid, the State of New Jersey would "seize" and "auction off" his liquor license, which the respondent valued at $350,000.

On September 23, 2008, four days after the respondent deposited the $24,000 down payment into his business account and one week before the scheduled closing on the Greenwood Lake property, the respondent withdrew the sum of $21,542 from his business account, in the form of a cashier's check payable to the State of New Jersey Division of Taxation.

In or about May 2009, when the closing had not yet taken place because the respondent was unable to convey good title, Pillitieri sought to terminate the contract and have his down payment refunded. However, the respondent neither refunded the down payment nor advised Pillitieri that he had spent the money, which Pillitieri never authorized the respondent to use.

On January 17, 2012, the respondent was personally served with a notice pursuant to 22 NYCRR 691.3, enumerating the defenses to the imposition of reciprocal discipline pursuant to 22 NYCRR 691.3 (c) and affording him 20 days from the date of service of the notice to file a verified statement setting forth any of the foregoing defenses and/or requesting a hearing. Twenty days have since elapsed without receipt of a verified statement from the respondent.

In the absence of a verified statement from the respondent setting forth any of the three defenses to the imposition of disci-

pline enumerated in 22 NYCRR 691.3 (c) and/or requesting a hearing, there is no impediment to the imposition of reciprocal discipline by this Court (*see* 22 NYCRR 691.3 [b]).

Inasmuch as the respondent has asserted none of the enumerated defenses to the imposition of reciprocal discipline and/or requested a hearing, the application of the Grievance Committee for the Ninth Judicial District is granted, and, effective immediately, the respondent is disbarred in the State of New York, and his name is stricken from the roll of attorneys and counselors-at-law.

Mastro, A.P.J., Rivera, Skelos, Dillon and Angiolillo, JJ., concur.

Ordered that the application of the Grievance Committee for the Ninth Judicial District to impose discipline in New York is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, effective immediately, the respondent, Michael R. Gidro, admitted as Michael Robert Gidro, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Michael R. Gidro, admitted as Michael Robert Gidro, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Michael R. Gidro, admitted as Michael Robert Gidro, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Michael R. Gidro, admitted as Michael Robert Gidro, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).